UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL STACY,

   Plaintiff,

-VS-                                   CASE NO.:

CHARTER COMMUNICATIONS, LLC
d/b/a SPECTRUM,

   Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, MICHAEL STACY, by and through the undersigned counsel, and sues Defendant, CHARTER COMMUNICATIONS, LLC d/b/a SPECTRUM ("Spectrum") and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Texas Debt Collection Act, Tex. Fin. Code § 392 *et seq*. ("TDCA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Spectrum from invading American citizens' privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner

at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7. The alleged violations described herein occurred in Tarrant County, Texas. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person, and citizen of the State of Texas, residing in Arlington, Tarrant County, Texas.

9. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant, Spectrum, is a corporation which was formed in Delaware with its principal place of business located at 12405 Powerscourt Dr., St. Louis, MO 63131-3673, and which conducts business in the State of Texas through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Inco, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

11. Spectrum called Plaintiff approximately three hundred (300) times in an attempt to collect an alleged debt related to home cable and internet services.

12. Upon information and belief, some or all of the calls Spectrum made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §

3

227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that he knew it was an autodialer because of the vast number of calls he received and because he heard a pause when he answered his phone before a voice came on the line, and he received prerecorded messages from Spectrum.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (817) ***-9405, and was the called party and recipient of Defendant's calls.

14. Spectrum placed an exorbitant number of automated calls to Plaintiff's cellular telephone (817) ***-9405 in an attempt to collect on an alleged debt related to home cable and internet services.

15. In or about November of 2017, Plaintiff answered a call from Defendant to his aforementioned cellular telephone number, held the line, was eventually connected to an agent/representative of Defendant, and informed the agent/representative of the Defendant that he was aware of his due date, he did not need the constant reminders, he would be paying the bill shortly, and demanded that Defendant cease calling his cellular telephone number.

16. During the aforementioned conversation in or about November of 2017 with Defendant's agent/representative, Plaintiff unequivocally revoked any express consent Defendant may have had for placement of automated telephone calls to Plaintiff's aforementioned cellular telephone number by the use an automatic telephone dialing system or a pre-recorded or artificial voice.

17. Each subsequent call the Defendant made to Plaintiff's cellular telephone number was done so without the "express consent" of the Plaintiff.

18. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and/or willful.

19. Additionally, in or about July of 2018, due to the continued automated calls, Plaintiff answered another call from Defendant to his aforementioned cellular telephone number, held the line, was eventually connected to an agent/representative of Defendant, reminded Defendant that he had previously requested they stop calling, requested to be connected to a supervisor, advised the supervisor that he would take legal action if they did not stop with the harassing phone calls, and demanded that Defendant cease placing automated calls to his aforementioned cellular telephone number.

20. Similarly, in or about August of 2018, due to the continued automated calls, Plaintiff answered another call from Defendant to his aforementioned cellular telephone number, held the line, was eventually connected to an agent/representative of Defendant, and demanded that Defendant stop calling his cellular telephone.

21. Eventually, on August 1, 2018, Plaintiff logged into Defendant's website and submitted a complaint demanding that the calls and text messages to his cellular telephone stop. Plaintiff included his name, address and telephone number in this request and received a written response via e-mail assuring Plaintiff that his telephone number had been added "to the permanent Do Not Call database."

22. The auto-dialer calls from Defendant came from telephone numbers including, but not limited to: (844) 206-8573 and (800) 892-2253; and when those numbers are called, the caller is met with an automated message stating "Welcome to Spectrum. This call may be monitored or recorded for quality assurance purposes."

23. Spectrum has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

24. Spectrum has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Spectrum, to remove the number.

25. Spectrum's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Spectrum they do not wish to be called.

26. Spectrum has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

27. Spectrum has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

28. Spectrum has had numerous complaints against it from consumers across the country asking to not be called; however, Defendant continues to call these individuals.

29. Spectrum's corporate policy provided no means for Plaintiff to have Plaintiff's number removed from Spectrum's call list.

30. Spectrum has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not one of Spectrum's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. Spectrum willfully and/or knowingly violated the TCPA with respect to Plaintiff.

33. From each and every call placed without express consent by Spectrum to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

34. From each and every call without express consent placed by Spectrum to Plaintiff's cell phone, Plaintiff suffered the injury of the occupation of his cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for legitimate callers or outgoing calls while the phone was ringing from Spectrum's call.

35. From each and every call placed without express consent by Spectrum to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

36. Each and every call placed without express consent by Spectrum to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to the Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the

phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

37. Each and every call placed without express consent by Spectrum to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

38. Each and every call placed without express consent by Spectrum to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

39. Each and every call placed without express consent by Spectrum to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular phone and his cellular phone services.

40. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress, anxiety, nervousness, and aggravation.

## COUNT I
### (Violation of the TCPA)

41. Plaintiff fully incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

42. Spectrum willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Spectrum that Plaintiff wished for the calls to stop

43. Spectrum repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Spectrum, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT 2
**(Violations of the Texas Debt Collection Act)**

44. Plaintiff fully incorporates and realleges paragraphs one (1) through forty (40) as if fully set forth herein.

45. The facts stated above demonstrate that Defendant violated the Texas Debt Collection Act.

46. The Plaintiff is a "consumer" as that term is defined by the Texas Debt Collection Practices Act, set forth in Chapter 392 of the Texas Finance Code (the "TDCA").

47. The Plaintiff's relationship with the Defendant arose out of a "consumer debt" as that term is defined in the TDCA.

48. Defendant was and is a "debt collector" as that term is defined in the TDCA.

49. Spectrum violated Tex. Fin. Code § 392.302(4) by continually making calls in the collection of a debt with the only intent being to annoy and harass Plaintiff

9

into paying, even after Plaintiff had requested that calls to his cell phone cease.

50. Defendant has willfully violated the TDCA and Plaintiff is thus entitled to an injunction, his actual damages, and attorneys' fees.

51. Violations of the Finance Code are also deemed to be violations of the Texas Deceptive Trade Practices Act, Subchapter E, Chapter 17, Texas Business & Commerce Code, and are actionable under that subchapter. As a result thereof, Defendants are liable for actual damages, treble damages, the payment of legal fees and expenses, and exemplary damages.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Spectrum, for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Amy E. Clark, Esquire
Texas Bar Number: 24043761
Amy Clark Law
Thanksgiving Tower
1601 Elm Street, 33rd Floor
Dallas. TX 75201
Phone: (512)850-5290
dallas@amyclarklaw.com
*Local Counsel for Plaintiff*

and

/s/ Shaughn C. Hill_____
Shaughn C. Hill, Esquire
Florida Bar Number: 0105998
Morgan & Morgan, Tampa, P.A.

 One Tampa City Center
 201 North Franklin Street, 7th Floor
 Tampa, FL 33602
 Telephone: (813) 223-5505
 Facsimile: (813) 223-5402
 shill@forthepeople.com
 kzhang@forthepeople.com
 slauredan@forthepeople.com
 *Counsel for Plaintiff*